Alan E. Engle (SBN 224779)
alan.engle@meenlegal.com
MEADOR & ENGLE
5151 California Ave., Suite 100
Irvine, CA 92617-3059
Telephone: (310) 428-6985
Facsimile: (714) 386-5368

Attorneys for Plaintiff,
Visual Edge, Inc.

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISUAL EDGE, INC.,<br><br>                Plaintiff,<br>       v.<br><br>FLIPSIDE PRODUCTS, INC.,<br><br>                Defendant. | Case No.: **'16CV3088 LAB KSC**<br><br>**COMPLAINT FOR PATENT AND TRADE DRESS INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Visual Edge, Inc. brings this Complaint against Defendant Flipside Products, Inc. for infringement of U.S. utility patent no. 9,204,718 and design patent no. D745,604 and for infringement of trade dress, as follows:

## THE PARTIES

1. Plaintiff Visual Edge, Inc. is a California corporation with its principal place of business at 10835 Sorrento Valley Road, San Diego, CA 92121.

2. On information and belief, Defendant Flipside Products, Inc. is an Ohio Corporation with its principal place of business at 7624 Reinhold Drive, Cincinnati, OH 45237.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1-390, and the Lanham Act, 15 U.S.C. §§ 1051 et seq.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and (b).

5. This Court has personal jurisdiction over Flipside Products, Inc., an Ohio corporation with systematic and continuous contacts within California and this District. Flipside has made regular and extensive sales in California, knowing such sales would damage a California company.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400, in that Defendant may be found in this judicial district through, *inter alia*, doing business in this judicial district and being subject to personal jurisdiction therein; and a substantial part of the events and omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

7. Visual Edge designs, manufactures, and sells the Visual Edge Slant Board, a compact desk and magnetic dry erase board designed to promote reading and other educational activities. The functionality and design of the

1  Visual Edge Slant Board are protected by U.S. utility patent no. 9,204,718 and
2  design patent no. D745,604. (Attached hereto as Exhibits 1 and 2.) Its overall
3  design and distinctive commercial impression are protected as trade dress under
4  the Lanham Act.
5       8.    Paul Magaudda, the president of Visual Edge, is the named inventor
6  on each patent, which have been duly assigned to Visual Edge, Inc. Visual Edge
7  has either owned the patent throughout the period of the Defendant's infringing
8  acts or has the right to bring suit for such infringement. Visual Edge owns all
9  right and title to the trade dress of its Slant Board
10      9.    The Visual Edge Slant Board is pictured below.



Fig. 1, Visual Edge Slant Board

3
COMPLAINT FOR PATENT AND TRADE DRESS INFRINGEMENT

10. The Slant Board is Visual Edge's primary product, and its commercial activities are focused around producing, marketing, and selling the Slant Board. Its primary sales channels are though its website, visualedgesb.com, and online retailers such as Amazon.com. Visual Edge's Slant Board has achieved commercial success due to its superior design, quality, and commercial appeal.

11. Defendant Flipside Products sells hundreds of products though its catalog, distributing them from its facility in Cincinnati, Ohio. A wide variety of Flipside's products are offered for sale via Amazon.com and other online channels. Among its products, Flipside offers a "Desktop Slant Board Set" in its 2016 Catalog, pictured below:

Fig. 2, Flipside Slant Board

4
COMPLAINT FOR PATENT AND TRADE DRESS INFRINGEMENT

According to Flipside's website, "We are a manufacturer who sells our exclusive products only through resellers." (flipsideproducts.com/index.php/ordering-shipping, accessed December 6, 2016.)

12. Visual Edge is informed and believes, and thereon alleges, that Defendant, having recognized the consumer awareness and goodwill associated with Visual Edge's Slant Board, conspired to usurp that goodwill for themselves by manufacturing, importing, marketing and/or selling, without the permission or knowledge of Plaintiff, imitations of Visual Edge's Slant Board that copy its trade dress and infringe the '708 and '604 patents.

13. Flipside's infringing product is strikingly similar to Visual Edge's Slant Board. Its design, construction, and overall commercial impression are so similar that Flipside's board is likely sourced from Visual Edge's previous Chinese manufacturer.

14. Among other things, the boards have the same dimensions, the rivets on Flipside's infringing product are of the same type and in the same location, the fold-out legs and grips are identical and in the same location, the paper holders/clips along the top are identical, the shade of lime green offered by Flipside is indistinguishable front that offered by Visual Edge, the angle of the slant boards are the same, both products use white magnetic dry-erase boards as their surface, and the overall design, function, and trade dress of the products is nearly indistinguishable.

15. Wholesale copying is particularly clear with respect to the distinctive legs of Visual Edge's Slant Board, which were designed by Mr. Magaudda, President of Visual Edge:



Fig. 3, Legs of Slant Boards (Visual Edge in foreground)

16.   Copying is also evident in a side-by-side comparison:



COMPLAINT FOR PATENT AND TRADE DRESS INFRINGEMENT

Fig. 4, Side-by-Side Comparison of Patented and
Infringing Slant Boards (Visual Edge in foreground)

17. Visual Edge has invested substantial time and energy in designing, financing, arranging to manufacture, manufacturing, importing, and selling its Slant Board. It has also devoted considerable resources protecting its invention and the exclusive right to make, use, sell, and import it by obtaining patents covering the Slant Board. The inherently distinctive design of Visual Edge's Slant Board is the subject of the '604 design patent and its trade dress has achieved consumer awareness and recognition.

18. The extent of Flipside's infringement is further apparent from Fig. 1 of the '604 design patent:



Fig. 5, Fig. 1 of '604 Design Patent

19. On September 12, 2016, Visual Edge sent Flipside a cease and desist letter informing Flipside of its patent rights and received no response. On information and belief, Flipside continues to import, market, distribute, and sell, its infringing slant desk and continues to do so willfully after notice of infringement.

20. Visual Edge is informed and believes, and thereon alleges, that

1  Flipside intentionally manufactures, imports, markets and/or sells products to
2  resemble Visual Edge's Slant Board so closely that consumers are likely to be,
3  and in fact have been, confused as to the source of Defendant's goods and have
4  bought those goods on the assumption that they were manufactured or distributed
5  by Visual Edge.
6       21.   Visual Edge is informed and believes that Flipside was aware that its
7  slant board resembles Visual Edge's so closely that consumers are likely to be,
8  and in fact have been, confused as to the source of the goods and have bought
9  those goods on the assumption that they were manufactured or distributed by
10 Plaintiff.
11      22.   Visual Edge is informed and believes and thereon alleges that
12 Flipside has received a direct financial benefit from importing, marketing, and
13 selling a slant board that infringes Visual Edge's patents and trade dress, in an
14 amount that is unknown to Plaintiff.
15      23.   Visual Edge is informed and believes and thereon alleges that
16 Flipside's manufacturing, importing, marketing, sale, and distribution of products
17 that infringe Visual Edge's patents and trade dress have also damaged Visual
18 Edge and caused lost sales and profits.

## COUNT I
(Infringement of U.S. patent no. 9,204,718)

21      24.   Visual Edge restates and incorporates by reference the allegations in
22 paragraphs 1 through 22 of this Complaint as if fully set forth herein.
23      25.   Visual Edge, Inc. owns all right title and interest in U.S. patent no.
24 9,204,718, issued to inventor Paul Magaudda on December 8, 2015.
25      26.   Defendant Flipside Products, Inc. has and continues to infringe the
26 '718 patent though the import, sale, and distribution of its Desktop Slant Board.
27      27.   Defendant Flipside's actions, including its sales, advertising, and
28 instructions, has induced distributors and retailers who make, sell, or use products

that embody or otherwise practice one or more of the claims of the '718 patent and to do so without authorization.

28. Visual Edge is informed and believes, and thereon alleges, that Flipside's infringement of the '718 patent has been, and continues to be, willful and deliberate.

29. As a direct and proximate result of Flipside's actions, Visual Edge has been and continues to be damaged in an amount yet to be determined.

30. By reason of the above acts, Defendant Flipside, unless enjoined and restrained by this court, will continue to cause Visual Edge great and irreparable injury to, among other things, its good will and business reputation, which cannot be adequately compensated or measured in money.

31. Visual Edge has no adequate remedy at law and is entitled to injunctive relief, enjoining and restraining Flipside and its respective officers, agents, servants, and employees, and all persons acting in concert with it, from further infringement of the '718 patent.

32. Visual Edge is informed and believes, and thereon alleges, that Flipside has continued to encourage distributors and retailers who make, sell, or use products that embody or otherwise practice one or more of the claims of each of the '718 patent, to continue to do so without authorization.

33. Visual Edge is informed and believes, and thereon alleges, that Flipside has been actively inducing direct infringement by distributors and retailers who make, sell, or use products that embody or otherwise practice one or more of the claims of the '718 patent.

## COUNT II

(Infringement of U.S. design patent no. D745,604)

34. Visual Edge restates and incorporates by reference the allegations in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

35. Visual Edge, Inc. owns all right title and interest in U.S. design

patent no. D745,604, issued to inventor Paul Magaudda on December 15, 2015.

36. Defendant Flipside Products, Inc. has and continues to infringe the '604 patent though the import, sale, and distribution of its Desktop Slant Board.

37. Defendant Flipside's actions, including its marketing, distribution, and sales, has induced distributors and retailers who make, sell, or use products that embody or otherwise practice one or more of the claims of each of the '604 patent and to do so without authorization.

38. Visual Edge is informed and believes, and thereon alleges, that Flipside's infringement of the '604 patent has been, and continues to be, willful and deliberate.

39. As a direct and proximate result of Flipside's actions, Visual Edge has been and continues to be damaged in an amount yet to be determined.

40. By reason of the above acts, Defendant Flipside, unless enjoined and restrained by this court, will continue to cause Visual Edge great and irreparable injury to, among other things, its good will and business reputation, which cannot be adequately compensated or measured in money.

41. Visual Edge has no adequate remedy at law and is entitled to injunctive relief, enjoining and restraining Flipside and its respective officers, agents, servants, and employees, and all persons acting in concert with it, from further infringement of the '604 patent.

42. Visual Edge is informed and believes, and thereon alleges, that Flipside has continued to encourage distributors and retailers who make, sell, or use products that embody or otherwise practice one or more of the claims of each of the '604 patent, to continue to do so without authorization.

43. Visual Edge is informed and believes, and thereon alleges, that Flipside has been actively inducing direct infringement by distributors and retailers who make, sell, or use products that embody or otherwise practice one or more of the claims of the '604 patent.

## COUNT III

(Trade Dress Infringement)

44. Visual Edge restates and incorporates by reference the allegations in paragraphs 1 through 42 of this Complaint as if fully set forth herein.

45. Visual Edge's trade dress at issue in this action consists, among other things, of the following elements as actually used on Defendant's slant board: the dimensions of the board, black plastic legs with three elements that form a triangle and converge into a single support that folds out, cylindrical rubber grips along the bottom of the board, identical paper clips along the top of the boards, the lime green shade of the board, the white surface of the boards, and the overall look and feel of the board.

46. The trade dress of Visual Edge's Slant Board has acquired secondary meaning. Visual Edge's has been selling products with its distinctive trade dress since 2009 and has devoted substantial time, effort, and expense to marketing and selling its products.

47. Visual Edge is informed and believes, and thereon alleges, that Flipside has been importing, marketing, distributing, and selling slant boards that incorporate Visual Edge's.

48. Flipside is not now, and never have been, authorized by Visual Edge to use its trade dress or any confusingly similar trade dress in connection with importing, marketing, distribution, or sale of Flipside's slant board.

49. Flipside's importing, marketing, distribution, and/or sale of its slant boards is likely to cause confusion, mistake, and/or deception among consumers as to the source, quality and nature of Flipside's goods.

50. Visual Edge is informed and believes and thereon alleges that as a proximate result of the unfair advantage accruing to Flipside's business from deceptively trading on Visual Edge's efforts, including design, manufacture, advertising, sales, and consumer recognition, Flipside has made substantial sales

11
COMPLAINT FOR PATENT AND TRADE DRESS INFRINGEMENT

1 and profits in amounts to be established according to proof.

2  51. As a proximate result of the unfair advantage accruing to Flipside's business from deceptively trading on Visual Edge's design, manufacture, advertising, sales, and consumer recognition, Visual edge has been damaged and deprived of substantial sales of its Slant Board and has been deprived of the value of its trade dress as a commercial asset, in amounts to be established according to proof.

52. Visual Edge is informed and believes, and thereon alleges that, unless restrained by the Court, Flipside will continue to infringe Visual Edge's trade dress, and that pecuniary compensation will not afford Visual Edge adequate relief for the damage to its trade dress in the public perception. Further, Visual Edge is informed and believes, and thereon alleges, that in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Defendant's goods.

53. Visual Edge is informed and believes, and thereon alleges, that Flipside's acts were committed, and continue to be committed, with actual notice of Flipside's exclusive rights and with an intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with Plaintiff and its products. Pursuant to 15 U.S.C. § 1117, Plaintiff is therefore entitled to recover three times its actual damages or three times Defendant's profits, whichever is greater, together with Plaintiff's attorneys' fees. In addition, pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to an order requiring destruction of all infringing products and promotional materials in Defendant's possession.

**PRAYER FOR RELIEF**

WHEREFORE, Visual Edge, Inc. prays for judgment and relief as follows:

(a) for a judicial determination and declaration that Defendant Flipside Products, Inc. has directly infringed each of the patents-in-suit;

(b) for a judicial determination and declaration that Defendant has indirectly infringed each of the patents-in-suit;

(c) for a judicial determination and decree that Defendant's infringement of the patents-in-suit is willful;

(d) for a judicial determination that Defendant has infringed Plaintiff's trade dress and that such infringement has been willful;

(e) For an accounting of all profits obtained by Defendant from sales of the infringing goods and an order that Defendant hold all such profits in a constructive trust for the benefit of Plaintiff;

(f) For an award to Plaintiff of all profits earned by Defendant from the sale of infringing goods;

(g) For statutory damages according to proof;

(h) For an order requiring the destruction of all Defendant's infringing goods and all marketing, advertising, or promotional materials depicting Defendant's infringing goods;

(i) for damages resulting from Defendant's past and present infringement of the patents-in-suit, and the trebling of such damages because of the willful and deliberate nature of Defendant's infringement;

(j) for permanent injunctive relief enjoining against further infringement of the patents-in-suit by Defendant, its officers, directors, shareholders, agents, servants, employees, and all other entities and individuals acting in concert with it or on their behalf;

(k) for an assessment of prejudgment interest on damages;

(l) for a declaration that this is an exceptional case under 35 U.S.C. § 285 and 15 U.S. Code § 1117;

(m) for an award of attorneys' fees and costs in this action; and

(n)   for such other and further relief as the Court deems just and proper.

**<u>JURY DEMAND</u>**

Plaintiff demands a trial by jury.


Dated: December 20, 2016                    MEADOR & ENGLE

                                            /s/ Alan E. Engle
                                            Alan E. Engle
                                            Attorneys for Plaintiff
                                            Visual Edge, Inc.